FILED: NEW YORK COUNTY CLERK 02/06/2013
NYSCEF DOC. NO. 23

INDEX NO. 158987/2012
RECEIVED NYSCEF: 02/06/2013

13 CIV 867

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NO. 9 PARFUME LEASEHOLD, INC., d/b/a
BOND NO. 9, and
LAURICE & CO. UPTOWN, INC., d/b/a
BOND NO. 9,

                                     *Plaintiffs,*

            -against-

VERONICA ROBLEDO and
KARIN MARIA WIDMANN, both individually and d/b/a
CASIA ORGANICS SOAPS AND SCENTS,

                                     *Defendants.*
----------------------------------------------------------------X

Index No.: _____
            *(unassigned)*

*related to*

12 CV 3579 (ALC)(DCF)

*related to*

12 CV 6111 (ALC)

**NOTICE OF REMOVAL**

Veronica Robledo and Karin M. Widmann, Defendants in the above-captioned matter, hereby file the within Notice of Removal of this action and state, in support of the Notice of Removal, that:

1.     This action was commenced in the Supreme Court of the State of New York, County of New York, by the filing of a Complaint on December 18, 2012, which is entitled *No. 9 Parfume Leasehold, Inc., d/b/a Bond No. 9, and Laurice & Co. Uptown, Inc., d/b/a Bond No. 9 v. Veronica Robledo and Karin Maria Widmann, both individually and d/b/a Casia Organics Soaps and Scents.* A true and correct copy of the Complaint is annexed hereto as *Exhibit A*.

2.     Defendants' were improperly served December 18, 2012:

    (a)     Plaintiffs knew Defendants to be represented by counsel with respect to the issues raised in the annexed Complaint since no later than September 24, 2012, but nevertheless, in an effort to harass, attempted personal service, which at least initially, was improper. A true and correct copy of Plaintiffs' letter of representation, sent

                    to Defendants' counsel via email September 24, 2012, is annexed hereto as *Exhibit B*;

(b)    Ms. Robledo's mother, with whom Ms. Robledo does not live, was served the Complaint, causing Ms. Robledo's mother unreasonable emotional distress and hardship;

(c)    Ms. Widmann was served the Complaint at her place of business, which caused her unreasonable emotional distress and hardship; and

(d)    On Wednesday, January 30, 2013, for the first time, Plaintiffs properly served this office with papers related to this action (but not the Complaint).

3.    Defendants submit that this Notice of Removal is timely filed. As Defendants have not been properly served the Complaint and were only recently served on this office with any papers, thirty (30) days will expire from the service of those papers, *i.e.*, Friday, March 1, 2013.

4.    The claims raised in *Exhibit A* should have been compulsory counterclaims, which Plaintiffs were required to file as part of an action currently pending in this Court.

5.    Defendants have filed two (2) actions against Plaintiffs, alleging illegal employment practices. Plaintiffs have defended those actions with the **same defenses** as those raised affirmatively in *Exhibit A*.

6.    Plaintiffs' filing of *Exhibit A* is not only procedurally improper under *Federal Rule of Civil Procedure* 13(a)(1)(A), it is also an improper effort to force ___ and harass and intimidate.

7. Both actions are in United States District Court for the Southern District of New York before United States District Judge Andrew L. Carter, Jr.

    (a) The first of the two actions, *Robledo et al. v. No. 9 Parfume Leasehold et al.*, 12 CV 3579 (ALC)(DCF) (S.D.N.Y.) is referred to herein as *Bond 9 I*;

    (b) The second action, *Robledo et al. v. Bond No. 9 et al.*, 12 CV 6111 (ALC) (S.D.N.Y.) is referred to herein as *Bond 9 II*;

8. *Bond 9 I* is an action with Causes of Action under:

    (a) 29 U.S.C. §§ 201 *et seq.* (the Fair Labor Standards Act of 1938); and

    (b) N.Y. Lab. Law, §§ 2, 191(1)(d), and 651;

9. *Bond 9 II* is an action with Causes of Action under:

    (a) 42 U.S.C. § 1981 (Equal Rights under the Law); and

    (b) N.Y. City Admin. Code, §§ 8-101 *et seq.* including § 8-107(7) (New York City Human Rights Law);

**WHEREFORE**, Defendants request that the foregoing action be removed from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York.

Dated: New York, New York
February 5, 2013

By: *(signature)*
Walker G. Harman, Jr. [WH-8044]
Peter J. Andrews [PA-3295]
THE HARMAN FIRM, PC
*Attorneys for Defendants*
200 West 57th Street, Suite 900
New York, New York 10019
(212) 425-2600
wharman@theharmanfirm.com
pandrews@theharmanfirm.com

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------- X
NO. 9 PARFUME LEASEHOLD, INC., d/b/a :
BOND NO. 9, and LAURICE & CO. UPTOWN,    Index No.
INC., d/b/a BOND NO. 9, :
                                         **COMPLAINT**
      Plaintiffs, :

    -against- :

VERONICA ROBLEDO and KARIN MARIA
WIDMANN, BOTH INDIVIDUALLY and :
DOING BUSINESS AS CASIA ORGANICS
SOAPS AND SCENTS, :

      Defendants. :
------------------------------------------------------------- X

  Plaintiffs, No. 9 Parfume Leasehold, Inc., d/b/a Bond No. 9 ("Parfume") and Laurice & Co. Uptown, Inc., d/b/a Bond No. 9 ("Uptown"), by their attorneys, Phillips Nizer LLP, as and for their complaint, respectfully alleges:

### NATURE OF THE CASE

  1. This action arises from: (i) Veronica Robledo ("Robledo") and Karin Maria Widmann's ("Widmann") fulfillment of orders and shipment of Parfume product valued at approximately $50,000 contrary to Parfume's policy resulting in non-payment; (ii) the defendants' breach of contract and their duties of loyalty to the plaintiffs; (iii) unfair competition in the use of plaintiffs' confidential and proprietary information for the benefit of defendants' competing business; and (iv) tortious interference with prospective economic advantage.

  2. Parfume and Uptown are luxury retail stores specializing in the sale of high-end perfumes, cosmetics, skin care products, body washes and candles, including a line of house brand products sold under the "Bond No. 9" label.

1

1190803.7

3. Widmann was a store manager of Parfume until she was fired for her dishonesty, fraud, and actions in her own interest at the expense of Parfume.

4. Robledo was a sales associate of Parfume, was a store manager for approximately eight months in 2010, at her request ceased being a store manager but continued as a sales associate of Parfume until February 13, 2012, when she resigned voluntarily.

5. Prior to working for Parfume, Robledo was a sales associate of Uptown.

**Shipment of Products in Violation of Parfume's Policy:**

6. While working for Parfume during 2011 and 2012, Robledo and Widmann disregarded Parfume's policy prohibiting shipment of Parfume's products to customers when the customer's credit card billing address did not match the requested delivery address. This policy was implemented to avoid payment disputes.

7. Further, where the credit card holder's billing address and the requested delivery address were not identical, the defendants failed to secure an authorization form from the customer (required of Parfume by the credit card company) to insure that Parfume's products were shipped at the customer's request to an address different than the card holder's billing address.

8. On at least one occasion, Robledo completed a sale in which Parfume's merchandise was to be shipped to a purported customer despite the fact that payment on the sale was denied by the credit card company.

9. Although payment on the credit card transaction had been denied by the credit card company, Widmann nonetheless authorized the sale and permitted Parfume's merchandise to be shipped.

1190803.7

10. Because of the defendants' actions (shipping Parfume's products to customers at addresses that did not match the card holders' billing address), Parfume was denied payment by the credit card issuing banks.

11. Through defendants' actions Parfume has suffered approximately $50,000 in damages.

**Unearned Commissions:**

12. Widmann caused Parfume sales associates (mainly Robledo) to improperly obtain credit for sales, and thus received corresponding commissions from Parfume, originated by Widmann.

13. Each Parfume sales associate earns a commission on sales which s/he generates.

14. Widmann, whose responsibilities as Parfume's store manager included making sales, did not receive any commission on her sales. Instead, Widmann received a one percent (1%) "over ride" on <u>all</u> of Parfume's sales, irrespective of whether or not Widmann originated the sale.

15. Each time Widmann, as store manager, gave credit for a sale she originated to a sales associate, that sales associate received an unearned 2% commission paid at the expense of Parfume.

16. This scheme of crediting sales, and the corresponding unearned commissions, to Robledo and other Parfume sales associates on sales originated by Widmann unjustifiably caused Parfume to pay unearned compensation to its sales associates in an amount believed to be at least $4,000.00.

**Theft of Confidential and Proprietary
Information and Unfair Competition:**

17. While working at Uptown, Robledo misappropriated for her use in operating a competing business, confidential and proprietary information of Uptown.

18. Further, while working at Parfume, defendants misappropriated for their use in operating a competing business, confidential and proprietary information of Parfume.

19. Robledo used without plaintiffs' authorization Parfume and Uptown's confidential and proprietary information in operating a competing business called Casia Organics Soaps and Scents ("Casia Organics").

20. Robledo launched Casia Organics in 2003 while she worked for Uptown.

21. After Casia Organics was up and running, Widmann joined Robledo in operating Casia Organics.

22. Upon information and belief, the defendants continue to operate Casia Organics to this day.

**Tortious Interference with Prospective
Economic Advantage:**

23. The defendants falsely accused Laurice Rahme ("Rahme"), the Owner/President of Parfume and Uptown, of being a racist.

24. The defendants' commenced an action in United States District Court for the Southern District of New York, falsely claiming that Rahme individually, and Parfume and Uptown, mistreated customers and employees.

25. The defendants, or others acting on their behalf, alerted various media outlets to the lawsuit, including the New York Daily News.

26. The defendants made statements to the Daily News regarding the lawsuit and the allegations therein. The Daily News and other media outlets reported on the lawsuit, including that Rahme was accused of pattern of racism against customers and employees.

27. The defendants' false accusations, claims and statements against and about Rahme and plaintiffs were made for the express purpose of damaging the reputations of Rahme and plaintiffs.

28. The defendants contacted various media outlets and reasserted their false accusations, claims and statements against and about Rahme and plaintiffs for the express purpose of damaging the reputations of Rahme and plaintiffs.

29. The defendants' false accusations, claims and statements against and about Rahme and Plaintiffs have caused numerous Parfume and Uptown's customers to stop purchasing products from Parfume and Uptown.

30. Parfume and Uptown have lost numerous customers as a result of the defendants' false accusations, claims and statements against Rahme and plaintiffs.

## PARTIES

31. Parfume is a corporation organized and existing under the laws of the State of New York and having a principal place of business at 9 Bond Street, New York, New York 10012.

32. Uptown is a corporation organized and existing under the laws of the State of New York and having a principal place of business at 897 Madison Avenue, New York, New York 10021.

5

33. Robledo is an individual who, upon information and belief, resides at 1560 Pelham Parkway South, Apt. 1P, Bronx, New York 10461.

34. Widmann is an individual who, upon information and belief, resides at 20-55 48th Street, #2, Astoria, New York 11105.

35. Upon information and belief, Casia Organics is a sole proprietorship or an unincorporated association that was created by Robledo, either alone or with others, in or about 2003.

36. Upon information and belief, Casia Organics is operated by Robledo, either alone or with others.

37. Upon information and belief, Widmann participates in the operation of Casia Organics.

38. Casia Organics is, upon information and belief, an e-commerce retailer of perfume, scented soaps and skin care products.

39. Upon information and belief, Casia Organics operates its e-commerce website at the url http://stores.intuitwebsites.com/hstrial-veronicarobledo/StoreFront.bok and variations thereon including http://stores.intuitwebsites.com/hstrial-veronicarobledo/-strse-New/Categories.bok and http://stores.intuitwebsites.com/hstrial-veronicarobledo/-strse-Organic-Soaps/Categories.bok.

## FACTS COMMON TO ALL CAUSES OF ACTION

40. Robledo worked for Uptown from approximately 2001 to 2005 as a sales associate.

41. In or about 2005, Robledo left Uptown to become a sales associate at Parfume.

6

1190803.7

42. In or about 2010, Robledo was promoted to a store manager of Parfume.

43. After approximately eight months as store manager, Robledo voluntarily resigned her store manager position, but continued to work as a sales associate for Parfume.

44. Robledo worked as a sales associate at Parfume until February 10, 2012, when she voluntarily resigned.

45. Widmann worked for Parfume as a store manager from approximately July 5, 2011, until February 16, 2012, when she was fired.

46. Robledo, as a sales associate of Parfume, was responsible for selling Parfume's products, including especially its Bond No. 9 branded fragrances, building Parfume's business and the good will associated with the Bond No. 9 brand name. To assist Robledo, Parfume provided her with written guidelines which expressly stated her responsibilities, including that she should introduce as may clients as possible to the Bond No. 9 fragrances, maintain a "Bond" client book with names and contact information of Parfume's customers that Robledo worked with, and to follow through with Parfume's customers pursuant to Parfume's written procedures that were provided to Robledo.

47. In connection with her work at Parfume, Robledo was subject to, and required to adhere to, Parfume's work rules, policies and practices.

48. Widmann, as a store manager of Parfume, was responsible for overseeing the day-to-day operations of Parfume and supervising its workers. Widmann was responsible for selling Parfume's products, including especially its Bond No. 9 branded fragrances, building Parfume's business and the good will associated with the Bond No. 9 brand name. To assist Widmann's sales activities, Parfume provided her with written guidelines which expressly stated her responsibilities, including that she should introduce as may clients as possible to the Bond No. 9

7

fragrances, maintain a "Bond" client book with names and contact information of Parfume's customers that Widmann worked with, and to follow through with Parfume's customers pursuant to Parfume's written procedures that were provided to Widmann.

49.     Widmann also was responsible for selling Parfume's products to customers.

50.     As a sales associate for Uptown and later a sales associate and and store manager of Parfume, Robledo had access to, was provided with and obtained plaintiffs' confidential and proprietary information, including customer lists, business methods, marketing strategies, product sources and other business contacts.

51.     As a store manager of Parfume, Widmann had access to, was provided with and obtained plaintiffs' confidential and proprietary information, including customer lists, business methods, marketing strategies, product sources and other business contacts.

52.     Robledo and Widmann each signed an Employee Confidentiality Agreement with Parfume and its affiliates.

53.     The confidential and proprietary information obtained by Robledo during the time that she worked for Uptown and Parfume was information obtained by her solely by virtue of her positions with Uptown (sales associate) and Parfume (sales associate and store manager).

54.     The confidential and proprietary information obtained by Widmann during the time that she was a store manager of Parfume was information obtained by her solely by virtue of her position with Parfume.

55.     As a sales associate of Uptown and later a sales associate and store manager of Parfume, Robledo was prohibited from acting in a manner inconsistent with her trust.

8

56. As a sales associate of Uptown and later as a sales associate and store manager of Parfume, Robledo was at all times bound to exercise the utmost good faith and loyalty in the performance of her duties.

57. As a store manager of Parfume, Widmann was prohibited from acting in a manner inconsistent with her trust.

58. As a store manager of Parfume, Widmann was at all times bound to exercise the utmost good faith and loyalty in the performance of her duties.

### AS AND FOR A FIRST CAUSE OF ACTION
### BREACH OF CONTRACT BY ROBLEDO

59. Plaintiffs repeat each and every allegation contained in paragraphs 1 through 50 hereof as though fully set forth herein.

60. While working for Parfume, Robledo processed orders for the sale of Parfume's goods using as payment credit cards which she knew to be invalid or where the "Bill To" address did not match the "Ship To" address.

61. Robledo's actions, which disregarded Parfume's written policy prohibiting shipment of merchandise to an address other than the credit card holder's billing address, were a breach by Robledo of her contract with Parfume.

62. Robledo's actions have damaged Parfume in an amount believed to exceed $50,000 but which amount shall be proved at trial.

63. Robledo is also liable to Parfume for commissions paid by Parfume to Robledo on these sales in an amount believed to exceed $1,000 but to be proved at trial.